## BANK OF LOUISIANA v. J. L. SATTERFIELD.

The notary who protested a bill of exchange certified that he went to the office of the acceptors of the bill in order to demand payment of it, and found the office shut, and, on enquiry, could not find the acceptors nor any one who could pay the bill—*Held:* That it will be presumed in the absence of proof to the contrary, that the notary had the draft with him, and that he went to make the demand within the usual office hours.

APPEAL from the District Court of the Parish of Pointe Coupée, *Ratliff*, J. J. L. *Généres*, for plaintiff. *A. Provosty*, for defendant and appellant.

COLE, J. This suit is instituted by the holders against the drawer of a bill of exchange.

The defendant pleads the general denial, except that he drew the draft sued on, and avers he drew on funds ; that the draft was not legally protested, and he was not legally notified of the protest.

There was judgment for plaintiff, and defendant has appealed.

Appellant relies in this court upon the alleged insufficiency of the certificate of the notary, and avers that it does not appear that the notary or his deputy had the bill in his possession ; that the presentment was made at a seasonable time, or that due diligence was used to find the acceptors.

The bill was drawn by defendant, payable to his own order, and endorsed by him to plaintiff, upon *Messrs. Andrews & Sierau*, New Orleans, who had accepted the same.

The certificate of the notary states, that he " went to the office of the acceptors in order to demand payment of said draft, and found it shut, and, on enquiry, could not find the said acceptors, nor any one who could pay said draft."

Whereupon he protested the same, etc.

The notice to the drawer, who was also the only endorser, is sufficient, and is not contested.

We are of opinion that the certificate of the notary is sufficient.

It is rather to be presumed that the notary did his duty than violated it. *Poydras* v. *Bell*, 14 L. 392 ; *Union Bank of La.* v. *Cushman*, 12 R. 237.

A reasonable conclusion from the tenor of the protest is, that the notary had the draft with him, else why should he have gone to demand payment of the same ? and that he went within office hours, else why should he have repaired there at all. *Nott's Executor* v. *Beard*, 16 L. 308 ; *Deyraud* v. *Banks*, 16 L. 461.

If the notary had neglected his duty, defendant could have easily established that the draft was not presented within the usual hours of the ordinary course of transacting business at counting-houses in New Orleans. Story on Bills, ? 328 ; Chitty on Bills, ch. 9, pp. 421, 422.

Judgment affirmed, with costs.